# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Juan Miguel Goenechea             :
                                         :

                                         :

       v.                                   :       Civil No. CCB-15-3384

                                         :

                                         :

Jonathan Marc Davidoff          :

                                         :

## <u>AMENDED MEMORANDUM</u>

Juan Miguel Goenechea has filed a petition pursuant to 28 U.S.C. § 1782 for an order permitting discovery in the United States in aid of foreign proceedings he brought against Jonathan Marc Davidoff in Spain. Davidoff has opposed that petition. For the reasons stated below, the court will grant Goenechea's petition.[1]

## BACKGROUND

Goenechea, a Spanish citizen, is a lawyer who provided legal advice to Luis Rullan about his acquisition of a West Virginia summer camp. The summer camp is the subject of *Rullan v. Goden*, Civil No. CCB-12-2412, a lawsuit that Luis Rullan filed against Jill Goden and her father. Goenechea has filed a request for conciliation in the Madrid First Instance Court in Spain against Jonathan Marc Davidoff, who represented Goden in *Rullan* until October 19, 2015. His § 1782 petition asks this court to grant his request for discovery from Goden to use in the conciliation and further proceedings in Spain. (Pet. Goenechea Disc. Foreign Proceedings, ECF No. 1.)

---

[1] Davidoff also filed a motion for an extension of time to reply, which Goenechea opposed. (ECF Nos. 5, 6.) That motion will be denied as moot because Davidoff responded on December 18, 2015, the date his response was due.

On October 5, 2015, the Spanish Court of First Instance No. 74 of Madrid admitted Goenechea's request for conciliation. (Goenechea Decl. 18, Pet. Goenechea Disc. Foreign Proceedings, ECF No. 1-3; Goenechea Decl. Ex. C, at 6-7, Pet. Goenechea Disc. Foreign Proceedings, ECF No. 1-6.) The conciliation is scheduled for February 3, 2016. (Goenechea Decl. Ex. C, at 7.) Davidoff does not plan to attend the conciliation, and he has not retained counsel to appear on his behalf. (Davidoff Decl. ¶ 14, Opp'n Pet. Disc. Foreign Proceedings, ECF No. 7-2.)

The Spanish proceeding arises out of a letter Davidoff sent to Goenechea and the managing partner of the New York office of Uria Menendez, the law firm where Goenechea is a partner. (Goenechea Decl. Ex. A, Pet. Goenechea Disc. Foreign Proceedings, ECF No. 1-4.) In that letter, Davidoff threatened to sue Goenechea and Uria Menendez and expressed his "shock and dismay" at what he called the "fraudulent scheme" that Goenechea and Uria Menendez "assisted Mr. Rullan [to] perpetuate." (*Id*. at 2-3.) He called Goenechea's representation of Rullan "abhorrent" for "such a distinguished attorney and law firm," and "unbecoming of those who practice in the United States, or in fact in any jurisdiction in this world." (*Id*. at 3.) Along with the letter, Davidoff sent translations of emails between Goenechea and Rullan concerning the camp. (*Id.* at 5-12.) Davidoff sent similar letters to Freshfields Bruckhaus Deringer, where Goenechea's son had been employed, and Ernst & Young, where Rullan's tax advisor worked. (Goenechea Decl. ¶ ¶ 12-13.)

Goenechea alleges that Davidoff's letters have damaged his reputation. In the Spanish conciliation proceeding, Goenechea seeks a "negotiated resolution" of his claims against Davidoff arising out of the allegedly false accusations in Davidoff's letters to Goenechea, Uria

Menendez, Freshfield Bruckhaus Deringer, and Ernst & Young. (Pet. Goenechea Disc. Foreign

Proceedings Mem. 4, ECF No. 1-1.) The claims are for illegal conditional threats, in violation of

Article 171 of the Spanish Criminal Code; the illegal obtaining of privileged, attorney-client

communications, in violation of Article 197.1 of the Spanish Criminal Code; the illegal

publishing of privileged, attorney-client communications and violation of privacy rights and

rights to professional secrecy, in violation of Article 18 of the Spanish Constitution; and illegal

defamation and slander and illegal attacks on Goenechea's honor, privacy, and image, in

violation of Law of 1/1982 of May 5.

Goenechea claims that Goden was responsible for obtaining the emails that Davidoff

subsequently disclosed in the letters he sent. In his § 1782 petition, Goenechea requests

documents relating to the accusations and the emails that are within Goden's possession,

custody, or control, and deposition testimony relating to the accusations and emails.

## ANALYSIS

To obtain discovery under § 1782, three requirements must be met: (1) the person from

whom discovery is sought must reside or be "found" in the district, (2) the discovery must be

"for use in a proceeding in a foreign or international tribunal," and (3) the application may be

made by "any interested person." 28 U.S.C. § 1782.

Davidoff does not dispute that Goenechea, who is a party in the Spanish proceeding, is an

interested party, and that Goden, a resident of Owings Mills, Maryland, can be found in this

court's district. The only statutory requirement that the parties contest is whether the discovery

sought is "for use in a proceeding in a foreign or international tribunal."

The Supreme Court ruled that a body is a "tribunal" when it acts as a "first-instance

decisionmaker." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004). In

determining that the commission at issue in *Intel* was a "tribunal," the Court applied a functional

analysis that focused on whether the body permitted the gathering and submission of evidence,

whether the body had the authority to determine liability and impose penalties, and whether the

body issued dispositions that would remain final unless overturned by a court. *See id.* at 255 & n.

9, 257-58. The Court suggested that "[t]he term 'tribunal' ... includes investigating magistrates,

administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil,

commercial, criminal, and administrative courts." *Id.* at 258 (alterations in original) (quoting

Hans Smit, International Litigation Under the United States Code, 65 Colum. L.Rev. 1015, 1026

n. 71 (1965)).

Because the court finds that Goenechea has requested the evidence for use in reasonably

contemplated proceedings that he may file after the conciliation, the court finds it unnecessary to

address whether the conciliation in the Madrid First Instance Court in Spain is a "foreign

tribunal" within the meaning of the statute.[2] In *Intel*, the Supreme Court explained that "Section

1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative

proceedings," and instead requires only that a proceeding "be within reasonable contemplation."

*Intel*, 542 U.S. at 258-59. "The future proceedings must be more than speculative, however, and

a 'district court must insist on reliable indications of the likelihood that proceedings will be

instituted within a reasonable time.'" *Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS

Forwarding (USA), Inc*., 747 F.3d 1262, 1270 (11th Cir. 2014) (quoting *In re Letter of Request

from the Crown Prosecution Serv. of the U.K.*, 870 F.2d 686, 692 (D.C.Cir.1989). The Second,

---

[2] At least one court has found that a conciliation is not a "foreign or international tribunal" within the meaning of
§ 1782 because the conciliator "cannot issue a first-instance binding decision on the merits that is subject to judicial
review" and therefore is not a first-instance decisionmaker. *In re Nat'l Syndicate for Elec. Energy*, No. 1:13-MC-20
GBL/TCB, 2014 WL 130973, at *4 (E.D. Va. Jan. 14, 2014).

Fifth, and Eleventh Circuits have all ruled that discovery in aid of a contemplated foreign lawsuit brought by a private party may be "for use in a proceeding in a foreign or international tribunal." *Mees v. Buiter*, 793 F.3d 291, 299-301 (2d Cir. 2015) (ruling that the petitioner satisfied the "for use" requirement  by explaining that the discovery she sought would be used to plead and prove her defamation claim, even though the proceeding was not already pending and she did not need the requested materials to draft an adequate complaint); *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.,* 613 F. App'x 319, 323 (5th Cir. 2015)[3] (holding that the foreign judicial proceeding was within reasonable contemplation, despite a seven-year delay between the underlying event and the request for judicial assistance, where the petitioner's attorney submitted an affidavit averring that an action would be filed imminently and laid out the facts that gave rise to the prospective lawsuit); *Consorcio*, 747 F.3d at 1270-71 (finding that the foreign proceeding was reasonably contemplated where the petitioner provided a facially legitimate and detailed explanation of its investigation and its intention to bring a civil action).

In his request for conciliation, Goenechea cites various Spanish laws that require a party to attempt conciliation before filing other claims, including a claim of libel or defamation. (Goenechea Decl. Ex. B, at 16, Pet. Goenechea Disc. Foreign Proceedings, ECF No. 1-5.) The conciliation request includes a detailed factual summary and explanation of how Davidoff's letter threatening legal action violates Article 171 of the Penal Code as a crime of conditional threats, how Davidoff's obtaining of emails between Goenechea and Rullan violates Article 197.1 of the Spanish Legal Code, how Davidoff's  publication of the emails between Goenechea and Rullan violates the right to privacy of communications and professional confidentiality protected by Article 18 of the Spanish Constitution, and how Davidoff's sending of a letter

---

[3] Unpublished cases are cited not as precedent but for the relevance and persuasiveness of their reasoning.

containing accusations of fraud against Goenechea and his son to their law firms violates Law of 1/1982 of May 5 as a crime of libel. (*Id*. at 16-21.) The request states that "Mr. Goenechea and [his son] have the serious intention of filing suit against Mr. Davidoff…." (*Id*. at 21.) Taking into account Goenechea's explanation of how Davidoff allegedly violated various Spanish laws, Goenechea's intent to file a lawsuit against Davidoff if the conciliation is not successful, and the fact that some claims at issue here cannot proceed in court without first attempting conciliation, the court finds that further foreign proceedings against Davidoff are "within reasonable contemplation." Goenechea's application satisfies the prima facie requirements of 28 U.S.C. § 1782(a).

The law is clear that "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. The Supreme Court laid out four discretionary factors to guide courts when deciding whether to grant discovery under § 1782 when the statutory requirements are met: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign tribunal to United States court assistance; (3) whether the § 1782 request is an attempt to "circumvent foreign proof-gathering restrictions;" and (4) whether the documents and testimony sought are "unduly intrusive or burdensome." *Id*. at 264–65.

The discretionary factors weigh in favor of granting Goenechea's request. Goden is not a participant in the foreign proceeding, which makes the need for § 1782 assistance greater because nonparticipants may be outside the jurisdiction of the foreign tribunal. *See Intel*, 542 U.S. at 264. Davidoff has not presented any evidence that a Spanish judge, either during the

conciliation or in a later judicial proceeding, would not be willing to receive the evidence

obtained during discovery. The parties dispute whether the discovery request will circumvent

proof-gathering restrictions. Goenechea claims that "[t]here is no law or rule of evidence or civil

or criminal procedure in Spain that prohibits the type of discovery [he] seek[s]." (Goenechea

Decl. ¶ 19.) Davidoff argues that because Davidoff was Goden's lawyer when he wrote the letter

at issue in this case, Goenechea's discovery request requires Goden to testify about privileged

matters. The attorney-client privilege belongs to the client, not the attorney, and Goden can

choose to either waive the privilege or object at the deposition. *See In re: Grand Jury*

*Proceedings # 5*, 401 F.3d 247, 250 (4th Cir.2005). Finally, Davidoff's argument that discovery

is unduly burdensome because a judgment against him may not be enforceable in the United

States is unavailing. Discovery does not become unduly burdensome because a United States

court may be unable to enforce the judgment of a foreign court. Whether 28 U.S.C. §§ 4101-

4105 (the "Speech Act") bars the enforcement of a foreign libel judgment is better dealt with at a

later date if a foreign judgment is rendered against him.[4]

## CONCLUSION

For the reasons stated above, the court will grant Goenechea's application to conduct

discovery pursuant to § 1782.

A separate order follows.

February 11, 2016                                              /S/
Date                                                    Catherine C. Blake
                                                        United States District Judge

---

[4] The court also rejects Davidoff's claim that the court cannot grant discovery because the subpoena attached to the § 1782 petition is defective. The attachment is a proposed form of subpoena only, which has not been issued.